Lanzinger, J.,
dissenting.
{¶ 31} I respectfully dissent.
{¶ 32} The statute that relates to timely filing states, “Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.” (Emphasis added.) R.C. 2953.21(A)(2). In either situation, it is the trial transcript’s filing in the appellate court that begins the running of the 180-day time frame.
*324 Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellee.
{¶ 33} Although the Supreme Court Rules of Practice do not discuss the meaning of a trial transcript, App.R. 9(A) does:
{¶ 34} “The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App.R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.
{¶ 35} “In all capital cases the trial proceedings shall include a written transcript of the record made during the trial by stenographic means.” (Emphasis added.)
{¶ 36} Thus, the “transcript of proceedings if any” constitutes part of the record on appeal. A videotape recording of the proceedings is the transcript and, unlike proceedings recorded by other means, need not be transcribed into written form for filing. Capital cases must have a written transcript of the record made by stenographic means. The language of App.R. 9(A) specifies that videotaped proceedings are different and need not be transcribed for purposes of filing.
{¶ 37} Although the majority wishes to adopt language of the proposed rule that would make videotape recordings no longer adequate as transcripts for purposes of appeal, those rule amendments have not yet been adopted. When App.R. 9 is looked at in its entirety, in its current form, the state’s position is correct. On August 26, 2008, six videotapes — including videotapes of the trial, the hearing on Everette’s motion to suppress, and the sentencing hearing — were filed. Consequently, the 180 days to file his petition for postconviction relief began that day and expired on February 23, 2009. I would affirm the judgment of the court of appeals in dismissing this appeal as untimely.
O’Donnell and Cupp, JJ., concur in the foregoing opinion.
*325 Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, for appellant.